**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| JEREMY HEATH DUNCAN | CIVIL ACTION NO. 19-0562 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JAMES N. WIGGINS, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendants James N. Wiggins ("Wiggins") and City of Bossier City's ("Bossier City") (collectively "Defendants") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Record Document 10. Plaintiff Jeremy Heath Duncan ("Plaintiff") has not filed an opposition to the motion. Defendants seek dismissal of all of Plaintiff's claims. For the reasons set forth below, Defendants' motion is hereby **GRANTED**.

**I. BACKGROUND**

Plaintiff brings the instant suit pursuant to 42 U.S.C. § 1983 asserting numerous claims against Defendants, the majority of which stem from an alleged verbal altercation between Plaintiff and Defendant Wiggins that occurred in the parking lot of Plaintiff's apartment complex on November 17, 2017. See Record Document 1 at 3. Plaintiff alleges that he was driving in the parking lot when Wiggins "was speeding and almost crashed into Plaintiff's vehicle," after which Wiggins slammed on his breaks and a verbal altercation ensued between them. Id. Thereafter, Plaintiff asserts that an individual named Jessie Bearden ("Bearden")[1] was dispatched to the scene to investigate a complaint by

---

[1] The Court notes that while Plaintiff refers to Bearden as "Defendant Bearden" in his Complaint, Bearden is not listed anywhere in the record as a defendant in this matter. See Record Document 1 at 3.

Wiggins that Plaintiff had "pulled a knife on [him]." Id. Plaintiff then states that he was arrested and charged with aggravated assault, but was ultimately acquitted at trial in Louisiana state district court on May 2, 2018. See id. at 3–4.

On May 1, 2019, Plaintiff filed the instant Complaint asserting various claims against Defendants, including claims for due process and other constitutional violations, false arrest and false imprisonment, malicious prosecution, as well as state law claims for negligence and intentional infliction of emotional distress ("IIED"). See id. at 6–9. In response, Defendants filed a Motion to Dismiss seeking dismissal of all of Plaintiff's claims for failure to state a claim upon which relief may be granted. See Record Document 10-1 at 7. Defendants contend that Plaintiff's Complaint fails to allege any facts showing either a constitutional violation or actionable conduct by Defendants and, therefore, all of Plaintiff's claims should be dismissed with prejudice. See id. at 7–8.

## II.  LAW AND ANALYSIS

### A.  Pleading and 12(b)(6) Motion to Dismiss Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard for the adequacy of complaints under Rule 8(a)(2) is now a "plausibility" standard found in Bell Atlantic Corp. v. Twombly and its progeny. 550 U.S. 544, 127 S. Ct. 1955 (2007). Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555–56, 127 S. Ct. at 1965. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action,"

the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. In deciding a Rule 12(b)(6) motion to dismiss, a court generally may not "go outside the pleadings." Colle v. Brazos Cty., Tex., 981 F.2d 237, 243 (5th Cir. 1993). However, a court may rely upon "documents incorporated into the complaint by reference and matters of which a court may take judicial notice" in deciding a motion to dismiss. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008).[2] Additionally, courts must accept all factual allegations in the complaint as true. See Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. However, courts do not have to accept legal conclusions as facts. See id.

A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. See Thompson v. City of Waco, Tex., 764 F.3d 500, 503 (5th Cir. 2014). Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See Iqbal, 556 U.S. at 678–79, 129 S. Ct. at 1949. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id. Such a dismissal ends the case "at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558, 127 S. Ct. at 1966.

---

[2] Further, documents attached by a defendant are properly considered "if they are referred to in the plaintiff's complaint and are central to her claim," and "[i]n so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." Carter v. Target Corp., 541 F. App'x 413, 416–17 (5th Cir. 2013) (citations omitted).

### B. Due Process Claims

The Court first addresses Plaintiff's allegations that Defendants violated his due process rights. See Record Document 1 at 6. At the outset, the Court notes that while Plaintiff only references the Louisiana Constitution in count one of his Complaint, he also appears to allege due process violations under the Fifth and Fourteenth Amendments to the United States Constitution. See id. at 1, 6. However, regardless of the specific bases for his claims, Plaintiff has failed to sufficiently allege any due process violation. In order to state a cause of action under Section 1983, a plaintiff must allege a deprivation of a federal right by a person acting under the color of state law. See 42 U.S.C. § 1983. In the context of substantive due process claims under the Fourteenth Amendment, the state actor's conduct must be so egregious that it may be said to "shock the conscience" for it to constitute a due process violation. Marco Outdoor Advert., Inc. v. Reg'l Transit Auth., 489 F.3d 669, 672 n.3 (5th Cir. 2007). Further, because the Louisiana Constitution offers the same due process protections as that under the Fourteenth Amendment, the same analysis applies with respect to both claims. N.S. v. City of Alexandria, No. 09-0779, 2014 WL 4274108, at *5 (W.D. La. Aug. 28, 2014).

Here, Plaintiff has not alleged any facts showing how his arrest, prosecution, or actions by Defendants were unconstitutional or lacking in due process, other than his conclusory assertions to the contrary. See Record Document 1 at 6. Furthermore, even construed in the light most favorable to him, Plaintiff's Complaint fails to allege any

conduct by Defendants that was so egregious that it may be said to shock the conscience. Accordingly, Plaintiff's due process claims fail as a matter of law.[3]

**C.     False Arrest and False Imprisonment Claims**

Regarding Plaintiff's false arrest and false imprisonment claims, it is unclear whether Plaintiff asserts these claims under federal law, Louisiana law, or both. See id. at 6–7.[4] However, the Court need not address the merits of said claims because they are barred by prescription. While it is clear that both of Plaintiff's federal and state law false arrest/imprisonment claims are subject to Louisiana's one-year prescriptive period for tort claims, see Eaglin v. Eunice Police Dep't, 17-1875 (La. 6/27/18), ___ So. 3d ___, 2018 WL 3154744, at *7; La. Civ. Code art. 3492, the key issue here is not the length of the prescriptive period but rather when said period commenced to run, i.e., when Plaintiff's claims accrued. Under federal law, false arrest/imprisonment claims accrue when the false imprisonment ends and the plaintiff becomes held pursuant to legal process, such as by arraignment. See Wallace v. Kato, 549 U.S. 384, 389–90, 127 S. Ct. 1091, 1096 (2007). Under Louisiana law, however, such claims accrue on the date of arrest. See Eaglin, ___ So. 3d ___, 2018 WL 3154744, at *8.

In the case at hand, the record shows that Plaintiff was arraigned on January 9, 2018; thus, Plaintiff's federal false arrest/imprisonment claims prescribed a year from that

---

[3] Additionally, to the extent Plaintiff asserts due process claims under the Fifth Amendment, such claims likewise fail as Defendants are state, and not federal, government actors. See Morin v. Caire, 77 F.3d 116, 120 (5th Cir. 1996).

[4] The Court addresses Plaintiff's false arrest and false imprisonment claims together as they are treated similarly under both federal and state law. See Wallace v. Kato, 549 U.S. 384, 388, 127 S. Ct. 1091, 1095 (2007) ("False arrest and false imprisonment overlap; the former is a species of the latter."); see also Parker v. Town of Woodworth, 11-1275 (La. App. 3d Cir. 3/7/12), 86 So. 3d 141,144.

date in January of 2019. See Record Document 10-2 at 1. Because Plaintiff did not file the instant Complaint until May 1, 2019, Plaintiff's federal false arrest/imprisonment claims are barred by prescription. With respect to Plaintiff's state law claims, prescription commenced to run on November 17, 2017, the date of his arrest. See Record Document 1 at 3. As this prescriptive period also clearly ran before Plaintiff filed suit, Plaintiff's state law false arrest/imprisonment claims are likewise prescribed.

### D. Malicious Prosecution Claims

Plaintiff also asserts a claim for malicious prosecution. See id. at 7. However, the Court dismisses this claim at the outset as the Fifth Circuit has repeatedly held that "a freestanding [Section] 1983 claim based solely on malicious prosecution [is] not viable" and thus fails to state a claim upon which relief can be granted. Cuadra v. Houston Indep. Sch. Dist., 626 F.3d 808, 812 (5th Cir. 2010). Further, to the extent Plaintiff asserts a state law malicious prosecution claim, this claim likewise fails. In order to state a claim for malicious prosecution under Louisiana law, the plaintiff must show:

> (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff.

Lemoine v. Wolfe, 14-1546 (La. 3/17/15), 168 So. 3d 362, 367. Here, Plaintiff has not alleged that Defendants acted without probable cause or with malice, much less allege any facts to support such elements. Accordingly, Plaintiff has failed to plead a claim for malicious prosecution under either federal or state law.

### E. Monell Claim

Plaintiff also appears to allege a Monell claim against Defendant Bossier City by asserting that it caused the deprivation of Plaintiff's constitutional rights through, *inter alia*, its "practices, procedures, customs, and policies," in addition to its failure to train and supervise its law enforcement agents. Record Document 1 at 5. This claim is meritless for several reasons. In order to impose liability on a municipality under Section 1983, the plaintiff must establish (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. McGregory v. City of Jackson, 335 Fed. App'x 446, 448 (5th Cir. 2009). A municipality may also be liable for failing to train (or supervise) its employees, but "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." Deville v. Marcantel, 567 F.3d 156, 171 (5th Cir. 2009).

Here, Plaintiff's Monell claim necessarily fails due to Plaintiff's failure to sufficiently allege an underlying constitutional violation, as discussed above. See supra pp. 4–5. Furthermore, Plaintiff has not alleged that Bossier City adopted, expressly or otherwise, any official policy or custom that allegedly resulted in a constitutional violation. Regarding Plaintiff's failure to train claim, while Plaintiff asserts in conclusory fashion that Bossier City failed to train and supervise its law enforcement officers, Plaintiff fails to allege that said failure amounted to the level of deliberate indifference as required to state such a claim. Accordingly, Plaintiff's Monell claim fails as a matter of law.

### F.     IIED and Negligence Claims

Lastly, the Court addresses Plaintiff's state law IIED and negligence claims. See Record Document 1 at 8–9. Regarding Plaintiff's IIED claim, a plaintiff seeking to recover for this tort must show that (1) the conduct of the defendant was extreme and outrageous; (2) the emotional distress suffered by the plaintiff was severe; and (3) the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. See Nicholas v. Allstate Ins. Co., 99-2522 (La. 8/31/00), 765 So. 2d 1017, 1022. Here, the only possible conduct by Defendants that could form the basis of such a claim is Plaintiff's alleged confrontation with Defendant Wiggins. However, as with Plaintiff's false arrest and imprisonment claims discussed above, Plaintiff's IIED claim is prescribed. Because IIED claims are clearly subject to Louisiana's one-year prescriptive period for tort claims, Plaintiff's IIED claim prescribed one year from the date of the alleged incident, six months before Plaintiff filed his Complaint. Therefore, Plaintiff's IIED claim is barred by prescription.

Regarding Plaintiff's negligence claims, the Court notes that said claims are unclear in several respects, including to which specific Defendants (and actions) they are directed. Plaintiff appears to assert general negligence claims in the final count of his Complaint, titled as "Louisiana Civil Code Article 2315." Record Document 1 at 8–9 (alteration in original). Louisiana courts employ a duty-risk analysis for negligence claims. See Mathieu v. Imperial Toy Corp., 94-952 (La. 11/30/94), 646 So. 2d 318, 321. In order to recover on a claim for negligence, the plaintiff must prove each of the following:

> (1) the defendant had a duty to conform its conduct to a specific standard (the duty element); (2) the defendant failed to conform its conduct to that standard (the breach of the duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact

element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of the duty element); and (5) the plaintiff suffered actual damages (the damage element).

See Pinsonneault v. Merchs. & Farmers Bank & Trust Co., 01-2217 (La. 4/3/02), 816 So. 2d 270, 275–76. Here, Plaintiff wholly fails to sufficiently plead a general negligence claim as his Complaint is devoid of any factual allegations supporting the specific duty owed to him by Defendants, how Defendants breached said duty, or how Defendants' negligent conduct caused his alleged damages. Therefore, because Plaintiff only alleges conclusory assertions without articulating any facts to support his claim, Plaintiff has failed to adequately plead a claim for negligence.[5]

### III. CONCLUSION

Based on the foregoing reasons, Defendants' Motion to Dismiss (Record Document 10) is **GRANTED** and all of Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**.[6] A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 10th day of February, 2020.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[5] Furthermore, to the extent Plaintiff asserts negligent hiring, training, and/or supervision claims against Bossier City directly, such claims likewise fail as Bossier City is entitled to Louisiana's discretionary acts immunity, which protects political subdivisions from liability "based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties." La. R.S. 9:2798.1; see Roberts v. City of Shreveport, 397 F.3d 287, 296 (5th Cir. 2005) (applying statute to negligent training and supervision claims because "training and supervisory decisions are grounded in policy considerations").

[6] The Court notes that it exercises its discretion to retain supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c).